UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | No. 26-cr-10133-LTS |
| PEDRAM FEJAL, | ) | |
| BRIAN FENSTERSZAUB, | ) | |
| MARK FENSTERSZAUB, | ) | |
| SIMON FENSTERSZAUB, | ) | |
| BARUCH IGAL HATANIAN, | ) | |
| DAVID MORADI, | ) | |
| NICOLO NOURAFCHAN, | ) | |
| YECHIEL SALZBERG, | ) | |
| ABRAHAM SHILIAN, | ) | |
| GAVRYEL SILVERSTEIN, | ) | |
| JOSEPH SUSKIND, and | ) | |
| ROBERT YADGAROV, | ) | |
| Defendants | ) | |

**JOINT INTERIM STATUS REPORT**

The government and the defendants in the above-referenced matter, through undersigned counsel, submit this joint interim status report pursuant to Local Rule 116.5(b). For the reasons set forth below, the conferring parties jointly propose that the interim status conference scheduled for October 15, 2026 be adjourned, that an interim status conference be established approximately 90 days in the future, and that the Court enter an order excluding the interim period under the

Speedy Trial Act.[1]

**(1) Status of Automatic Discovery and Any Pending Discovery Requests**

At the initial appearance of the defendants, the Court classified this matter as a complex case. The Court initially entered a deadline for the production of automatic discovery of July 27, 2026. *See* Dkt. 93. By agreement of the parties (and based on the time needed to load discovery materials onto individual hard drives), the government produced automatic discovery on July 29, 2026, August 5, 2026, August 6, 2026, and August 14, 2026.

All but one of the defendants have raised questions regarding the automatic discovery produced to date. The government produced supplemental discovery on October 2, 2026 in response to some of these questions. On October 6, 2026, counsel for those defendants and the government met and conferred regarding those defendants' questions or requests. The government anticipates producing additional supplemental discovery and additional indices to aid defendants' review by next week. The parties will then require additional time to meet and confer regarding any outstanding issues or further follow-ups.

At this time, the government has produced automatic discovery to most defense counsel in this case. As to certain defense counsel, the government awaits either the receipt of hard drives in order to make its productions or further instruction.[2]

[1] Counsel for defendant Baruch Hatanian requested that this joint report note the following: "Counsel for Mr. Hatanian understands that the continuance for purposes of discovery needs that applies to other defendants will also apply to him. He reiterates, as he stated at his arraignment, that he seeks a prompt trial and to seek severance as appropriate including for that purpose. As a result, at this time, he does not affirmatively join the request to exclude time under the Speedy Trial Act. He intends to work with the government to try to make prompt progress in discovery relevant to him."

[2] The government has not yet received a hard drive from Yechiel Salzberg for producing automatic discovery, nor has his counsel accessed the discovery uploaded to a secure file-sharing platform.

The discovery produced to date is voluminous: over 9 terabytes, comprising more than 40 million pages of materials and about 31 million records, as well as Title III interceptions (*e.g.*, audio files, text files, electronic and MMS data files), recordings, and pen register and trap and trace data, among other materials. The government's production consists of both load-ready materials and materials that were produced in native format. Its production was accompanied by 114 text-searchable indices.

Certain (but not all) defendants anticipate needing an extensive period to review discovery of this magnitude, particularly since, in view of the significant costs associated with loading and hosting this volume of data in a data review platform, no defendant has been able to fully do so to date. The parties have conferred regarding this issue and anticipate that one or more defendants will be moving pursuant to the Criminal Justice Act ("CJA") to request funds for this expense under the Act. Provided that the defendant or defendants establish that they are eligible for such funds under the CJA, the government would not oppose this request.

**(2) Timing of Any Additional Discovery to be Produced**

As noted, the government expects to make at least one supplemental production of automatic discovery material by next week, consisting of certain Title III interception materials, search warrant-related materials, more recent plea-related materials, other records, and indices to aid defendants' review.

Otherwise, the government does not at this time anticipate providing additional discovery, other than discovery that falls within the ambit of Local Rule 116.2(b)(2) (discovery that is provided not later than 21 days before the trial date), and other than additional discovery the government obtains, reviews, and processes pursuant to its ongoing investigation and discovery obligations.

**(3) Timing of Any Additional Discovery Requests**

Counsel for the defendants are reviewing the discovery produced to date and evaluating whether to propound additional discovery requests.

**(4) Whether Any Protective Orders are Needed**

Pursuant to an assented-to motion filed by the government, the Court entered a protective order in this matter on June 22, 2026. *See* Dkt. 119.

**(5) Status of Any Pretrial Motions**

The parties agree that it is too early to set a motion schedule under Fed. R. Crim. P. 12(b). The parties ask that any motions deadlines be set at a later status conference or no later than the initial pre-trial conference.

**(6) Timing of Expert Witness Disclosures**

The parties agree that it is too early to set an expert disclosures deadline. The parties ask that an expert disclosures deadline be set at a later status conference, which will provide additional time for the parties to meet-and-confer about the deadline and for defense counsel to review discovery.

**(7) Defenses of Insanity, Public Authority, or Alibi**

No defendant has indicated an intent to assert a defense of insanity, public authority, or alibi.

**(8) Periods of Excludable Delay under the Speedy Trial Act**

To date, the Court has excluded all time between May 26, 2026 (the date of the first arraignment of a defendant in this case) through October 15, 2026 (the date of the scheduled interim status conference). *See* Dkt. 156. Except as otherwise noted herein, the parties agree that the time period between October 15, 2026 and the next status conference should be excluded

because this time will be used for purposes to include, *inter alia*, review of discovery by the defense, conferral between the defendant and defense counsel, conferral between the parties regarding discovery requests and issues, and consideration of pre-trial motions. Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendants in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

**(9) Status of Plea Discussions and Estimated Length of Trial**

At this time, it remains uncertain how many additional defendants will enter into plea agreements with the government or otherwise plead guilty to the charges in the indictment. The partes agree that it is too early to estimate a length of a trial in this case.

**(10) Timing of a Further Interim Status Conference**

Subject to the Court's preference and schedule, the parties propose that an interim status conference date be established approximately 90 days in the future and request entry of an accompanying order excluding the interim period under the Speedy Trial Act. The parties agree that any party may request that the Court schedule a status conference prior to that date as needed.

Respectfully submitted,

**LEAH B. FOLEY**
United States Attorney

/s/ David M. Holcomb
Kaitlin R. O'Donnell
David M. Holcomb
Assistant United States Attorneys

**PEDRAM FEJAL**
By his attorneys,

/s/ Henry Mazurek
Henry Mazurek (*pro hac vice*)
Meister Seelig & Fein
125 Park Ave 7th FL
New York, NY 10017
hem@mss-pllc.com
212-655-3594

Sara E. Silva
Silva, Kettlewell & Pignatelli, LLP
10 High Street Suite 505
Boston, MA 02110
sara.silva@skpboston.com
617-351-9093

**BRIAN FENSTERSZAUB**
By his attorney,

*/s/ Aaron M. Katz*
Aaron M. Katz
Kirkland & Ellis LLP
200 Clarendon Street
Boston, MA 02116
aaron.katz@kirkland.com
617-385-7867

**MARK FENSTERSZAUB**
By his attorneys,

*/s/ Steven Yurowitz*
Steven Yurowitz (*pro hac vice*)
Naftali T. Rabinovich
950 Third Avenue Ste 31st Floor
New York, NY 10022
syurowitz@yurowitzlaw.com
212-308-7900
nrabinovich@yurowitzlaw.com
917-658-6934

**SIMON FENSTERSZAUB**
By his attorneys,

*/s/ Roland G. Riopelle*
Roland G. Riopelle (*pro hac vice*)
Maurice H. Secarz (*pro hac vice*)
Sercarz & Riopelle, LLP
950 Third Avenue 31st Floor
New York, NY 10022
rriopelle@sercarzandriopelle.com
msercarz@sercarzandriopelle.com
212-586-4900

Nicholas J. Rosenberg
Gardner & Rosenberg P.C.
1 State Street, Suite 400
Boston, MA 02109
nick@gardnerrosenberg.com
617-390-7570

**BARUCH IGAL HATANIAN**
By his attorneys,

*/s/ Barry S. Pollack*
Barry S. Pollack
Lauren A. Riddle
Pollack Solomon Duffy LLP
31 St. James Avenue Suite 940
Boston, MA 02116
bpollack@psdfirm.com
lriddle@psdfirm.com
617-439-9800

**DAVID MORADI**
By his attorney,

*/s/ Glenn MacKinlay*
Glenn MacKinlay
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
gmackinlay@mccarter.com
617-449-6548

**NICOLO NOURAFCHAN**
By his attorneys,

*/s/ Marty G. Weinberg*
Marty G. Weinberg
Martin G. Weinberg, PC
20 Park Plaza Suite 1000
Boston, MA 02116
owlmgw@att.net
617-227-3700

Eric S. Rosen
Dynamis LLP
175 Federal Street Suite 1200

Boston, MA 02110
erosen@dynamisllp.com
617-802-9157

**YECHIEL SALZBERG**
By his attorney,

*<u>/s/ Jacob M. Kaplan</u>*
Agnifilo Intrater LLP
140 Broadway Ste. 4530
New York, NY 10005

Robert L. Sheketoff
One McKinley Square
Boston, MA 02109

**ABRAHAM SHILIAN**
By his attorney,

*<u>/s/ Andrea L. Zellan</u>*
Andrea L. Zellan (*pro hac vice*)
Sarafa Zellan PLLC
43 West 43rd Street Suite 370
New York, NY 10036
azellan@sarafazellan.com
212-785-7577

Matthew D. Thompson
Butters Brazilian LLP
420 Boylston Street 4th Floor
Boston, MA 02116
thompson@buttersbrazilian.com
617-367-2600

**GAVRYEL SILVERSTEIN**
By his attorneys,

*<u>/s/ Cara McNamara</u>*
Cara McNamara
Forest J. O'Neill-Greenberg
Federal Defenders Office
51 Sleeper Street, 5th Flr.
Boston, MA 02210
cara_mcnamara@fd.org
617-223-8061

forest_oneill-greenberg@fd.org
617-391-2250

**JOSEPH SUSKIND**
By his attorneys,

*/s/ Michael Kendall*
Michael Kendall
Daniel Medici
White & Case, LLP
75 State Street
Boston, MA 02109
michael.kendall@whitecase.com
617-939-9310
dan.medici@whitecase.com
617-939-9322

**ROBERT YADGAROV**
By his attorneys,

*/s/ Brian T. Kelly*
Brian T. Kelly
John J. Durham (*pro hac vice*)
Samuel Ryder
Nixon Peabody LLP Exchange Place
53 State Street
Boston, MA 02109-2835
bkelly@nixonpeabody.com
617-345-1000
jdurham@nixonpeabody.com
212-940-3065
sryder@nixonpeabody.com
857-265-4445

Mark Lesko (*pro hac vice*)
La Pinta, Lesko & Miskiewicz, P.C
200 Vanderbilt Motor Parkway, Suite C-17
Hauppauge, NY 11788
mlesko@lapintalesko.com
631-231-1199

Dated: October 8, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document was filed electronically with the Clerk of the Court using the ECF system, for uploading and service by electronic notice to counsel and parties authorized to receive electronically Notices of Electronic Filing.

*/s/ David M. Holcomb*
DAVID M. HOLCOMB
Assistant United States Attorney